## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. FILED: JULY 21, 2008 |
| | ) | 08 cv 4128 |
| BAXTER INTERNATIONAL INC., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation, | ) ) ) | JUDGE BUCKLO MAGISTRATE JUDGE ASHMAN |
| | ) | JH |
| Defendants. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Baxter Healthcare Corporation ("BHC") and Baxter International Inc. ("BII") (collectively "Defendants"), file this Notice of Removal to remove this civil action from the Circuit Court of Cook County, State of Illinois, Law Division, where it was filed as Civil Action No. 2008-l-004818, to the United States District Court for the Northern District of Illinois, and state as follows:

1.      BHC and BII are named Defendants in a civil action pending in the Circuit Court of Cook County, State of Illinois, Law Division, styled as *ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased, Plaintiff v. BAXTER INTERNATIONAL Inc., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation, Defendants*.

2.      The action involves allegations related to Defendants' manufacture and supply of heparin.  Specifically, Plaintiff asserts claims for strict liability and negligence against BHC and

BII predicated on allegations, *inter alia*, that BHC and BII manufactured and supplied defective heparin.  (*See* Compl. at ¶¶ 20-25, 26-30)

3.    The allegations of this suit are similar to (and in some cases overlap with) allegations made in more than two dozen actions filed throughout the country by individuals who have taken heparin, a pharmaceutical product used for its anticoagulant properties.  In these suits, as well as in the present suit, plaintiffs contend that one or both Defendants supplied defective heparin causing injury to patients.  On June 6, 2008, the MDL Panel transferred related heparin cases to the Northern District of Ohio for consolidated or coordinated pretrial proceedings.  Once this case is removed, Defendants expect to give notice to the MDL Panel of this case as a potential tag-along action pursuant to Panel Rule 7.2(i).  This case is appropriate for transfer to the MDL since it involves one or more common questions of fact with the case originally submitted to the MDL Panel.[1]  28 U.S.C. § 1407.

4.    Defendants have not yet been served in this action.  However a copy of the Complaint in this action as well as other pleadings and orders of which Defendants are aware are attached as Exhibit A.

## FEDERAL QUESTION JURISDICTION

5.    Plaintiff's Complaint is properly removable to federal court because Plaintiff's claims raise a substantial federal question and therefore provide original federal question jurisdiction over this action under 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1441(a); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 125 S.Ct. 2363 (2005) (federal

---

[1] Nothing in this removal petition is intended to suggest that class certification, which involves factors not at issue here, is appropriate for any of these claims.  Thus, although Defendants agree consolidation of this case for pretrial proceedings as part of an MDL is appropriate, Defendants reserve their rights to oppose class certification.

question jurisdiction proper where a state-law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities).

6.      Specifically, Plaintiff alleges BHC and BII supplied defectively manufactured heparin.  (Compl. ¶¶ 20 & 28)  The statutes, laws, regulations, and safety codes pertaining to the manufacture of heparin are federal.  The Federal Food, Drug, and Cosmetics Act, 21 U.S.C. § 301 *et seq.* ("FDCA"), and its accompanying regulations set forth, in detail, the relevant criteria.  *See, e.g.,*  21 U.S.C. § 301 *et seq.*; *see also* 21 CFR 211 ("regulations in this part contain the minimum current good manufacturing practice for preparation of drug products for administration to humans or animals").  To the extent that Plaintiff alleges that Baxter failed to meet these requirements, Plaintiff asks the court to assess whether Baxter complied with federal regulations and laws.  Such allegations are therefore federal in nature.

7.      The United States Food and Drug Administration ("FDA") is charged with the oversight of prescription drugs through the complex federal regulatory scheme set forth in the Federal Food, Drug, and Cosmetics Act, 1 U.S.C. § 321 et seq. ("FDCA") and its accompanying regulations.  Plaintiff's claims for relief are inextricably intertwined with this comprehensive federal scheme governing prescription drugs. In contending that BHC and BII are liable in this case for heparin administered to Plaintiff's decedent, Plaintiff is challenging the adequacy of FDA and FDCA procedures with which BHC and/or BII complied as well as FDA determinations related to heparin.

8.      For all of these reasons, Plaintiff's well-pleaded complaint necessarily raises federal questions that are actually disputed and substantial. Thus, Plaintiff's complaint raises a substantial federal question.

9.      A federal forum may entertain this dispute without disturbing any congressionally approved balance of federal and state judicial responsibilities.  Indeed, the federal government heavily regulates the drug industry through the FDA and FDCA – making this case particularly appropriate for federal court jurisdiction.

10.     Furthermore, Plaintiff's allegations concerning the procurement of heparin active pharmaceutical ingredients (API) from foreign suppliers further warrant federal jurisdiction in this case.  (*See* Compl. ¶¶ 14, 28)

11.     Accordingly, removal is proper under federal law since this is a civil action brought in state court over which the federal court has original jurisdiction based on the existence of a substantial federal question.  *See* 28 U.S.C. § 1331; *see id.* § 1441.

### THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     BII and BHC have not yet been served with the Complaint.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on all counsel of record and the clerk of the Circuit Court of Cook County, Law Division, State of Illinois.  (Exhibit B)

15.     Removal to the United States District Court for the Northern District of Illinois is appropriate because this action is being removed from the Circuit Court of Cook County, Law Division, State of Illinois, which is located within the Northern District of Illinois.

16.     By removing this action to this Court, BHC and BII do not waive any defense available to them.

17.     If any question arises as to the propriety of the removal of this action, BHC and BII request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, BHC and BII respectfully request that this Notice of Removal be filed; that this action in the Circuit Court of Cook County, Law Division, State of Illinois, be removed to this Court; and that no further proceedings be had in the case in the Circuit Court of Cook County, Law Division, State of Illinois.

Dated this 21st day of July, 2008.

Respectfully submitted,

*/s/* Leslie M. Smith, P.C.
Leslie M. Smith, P.C.
Renee D. Smith
Stephanie A. Brennan
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
telephone:  (312) 861-2000
facsimile:   (312) 861-2200

**CERTIFICATE OF SERVICE**

I, Stephanie A. Brennan, certify that on July 21, 2008, I caused copies of the above titled document to be served on Plaintiff's counsel by hand delivery and U.S. mail, postage prepaid:

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Jennifer L. Parker, Esq.
Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, IL  60602-4109

_/s/ Stephanie A. Brennan

# EXHIBIT A

```
08 CV 4128
JUDGE BUCKLO
MAGISTRATE JUDGE ASHMAN
JH
```



(Atty. Code #36211)JLP

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| -vs- | ) ) | |
| BAXTER INTERNATIONAL, INC., a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation, | ) ) ) ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ANGELA LAWSON GREEAR, as Special Administrator of the

Estate of THOMAS TROY LAWSON, deceased, by and through her counsel, NOLAN LAW

GROUP, and complaining against defendants, BAXTER INTERNATIONAL, INC. and

BAXTER HEALTHCARE CORPORATION, and each of them, states as follows:

1.      Prior to February 13, 2008 and through and including the present time, the

Defendant, BAXTER INTERNATIONAL, INC., was and continues to be a corporation

organized and existing under the laws of the State of Delaware with its principal place of

business in the State of Illinois, and maintains a corporate registered agent in Cook County,

Illinois, and did and does substantial business in Cook County, Illinois.

2.      Prior to February 13, 2008 and through and including the present time, Defendant,

BAXTER HEALTHCARE CORPORATION, was and continues to be a corporation organized

and existing under the laws of the State of Delaware with its principal place of business in the

1

State of Illinois, and maintains a corporate registered agent in Cook County, Illinois, did and does substantial business in Cook County, Illinois, and is a wholly owned corporate subsidiary of the defendant, BAXTER INTERNATIONAL, INC.

3.     The active pharmaceutical ingredient (API) in Heparin is sourced from pig intestines and then goes through multiple purification steps to inactivate proteins and viruses and to extract out contaminants before it reaches its final dosage form.

4.     On March 19, 2008, Dr. Janet Woodcock, Director of the Center for Drug Evaluation and research for the United States Food and Drug Administration (FDA) announced at a press conference that testing had revealed a contaminant in certain Heparin API known as an over-sulfated chondroitin sulfate ("OSCS").

5.     Chondroitin sulfate and heparin are each variably sulfated glycosaminoglycans belonging to a group of chemicals known as complex polysaccharides. Chondroitin sulfate is ordinarily purified from animal cartilage and is used in the United States as a dietary supplement to treat arthritis.

6.     OSCS is not ordinarily found in nature.  Most probably, ordinary chondroitin sulfate was chemically modified to introduce the additional sulfate groups found in the Heparin API during the course of the FDA supervised testing of the contaminated Heparin.

7.     OSCS is not a drug approved by the FDA for use in the United States nor should it be present in heparin. Unlike conventional chondroitin sulfate, OSCS Heparin's activities in certain tests, including certain potency assays.

8.     On November 19, 2007, doctors at St. Louis Children's Hospital treated a child who suffered allergic reactions from Heparin, including swollen lips and eyelids and a drop in blood pressure within minutes after dialysis.

2

9.      Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, through a spokeswoman has represented that the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, began an investigation when other physicians notified it of problems in late December, 2007.

10.     The Centers for Disease Control and Prevention ("CDC") was first notified on January 7, 2008, by the Missouri Department of Health and Senior Services (MDHSS) of the allergic-type reactions among pediatric hemodialysis patients that began occurring November 19, 2007 at St. Louis Children's Hospital. The reactions had been reported to MDHSS by a health-care provider at the hospital. A total of eight episodes of acute allergic-type reactions were identified as occurring among four patients at St. Louis Children's Hospital during the period of November 19, 2007 to January 15, 2008.

11.     Government officials at the FDA stated that the agency became aware of a potential problem with heparin product in early to mid January through reports it was receiving from Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and the CDC. Review of the FDA's Adverse Event Reporting system data revealed a spike in the number of reports coming into the FDA related to Heparin toward the end of December, 2007 and an escalation in January, 2008.

12.     Defendants BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION issued a first Urgent Product Recall letter on January 17, 2008 relating to certain Heparin products contained in Heparin Sodium Injection 1000 units/mL 10 mL vials and Heparin Sodium Injection 1000 units/mL 30 mL vials.

13.     On February 29, 2008, the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION issued an additional Urgent Product Recall to

3

include all lots of single and multi-dose vials of Heparin Sodium Injection product and another Urgent Product Recall to include recall of all lots of HEP-LOCK (Heparin Lock Flush Solution, USP) and HEP-LOCK U/P (Preservative-Free Heparin Lock Flush, USP) product.

14.    Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION receives Heparin that is finished from Chinese raw material at the Changzhou SPL facility in Jiangsu Province, China.  Inspection of the Changzhou SPL plant in China during the period of February 20-26, 2008 resulted in citations for a number of violations, including a) incomplete manufacturing instructions, b) lack of critical processing steps or annual test results, c) lack of an impurity profile for Heparin, d) incomplete manufacturing instructions for Heparin Sodium USP, e) investigations into failed lots were approved as complete, but no cause was listed, and f) inadequate control of material flow in the processing area.

15.    A group of employees and agents of Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION inspected the Changzhou SPL facility in China in September 2007.  At this point in time, if not sooner, Defendants BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE CORPORATION and each of them, knew of the unsafe and dangerous conditions existing in the manufacturing process of Heparin API at the Changzhou SPL facility and the likelihood that harm to persons would result from these conditions.

16.    Prior to February 13, 2008, the Defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, manufactured, distributed and/or sold a certain product know as "Heparin Sodium Injection 1000 units/mL" which it distributed and sold in multi-dose vials.

4

17.     Prior to February 13, 2008, the Plaintiff's decedent, THOMAS TROY LAWSON, was receiving home dialysis as treatment for a medical condition and was prescribed the aforesaid Heparin for use during his home dialysis.

18.     Prior to February 13, 2008, the Plaintiff's decedent, THOMAS TROY LAWSON, used the aforesaid Heparin product as prescribed and indicated, yet during the course of its use, THOMAS TROY LAWSON,   began experiencing numerous physical symptoms including suffered wheezing, shortness of breath, coughing, dizziness, increased perspiration and sudden weakness.

**COUNT I**
**Products Liability v. Baxter and Baxter Healthcare**

19.     Plaintiff repeats and incorporates by reference paragraphs 1 through 18, inclusive, of this Complaint as fully set forth herein.

20.     That at the time the subject Heparin product left the control of defendants, BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them, it contained one or more conditions which rendered it defective and not reasonably safe when used in a reasonably foreseeable manner, including but not limited to the following:

(a)     said Heparin product was manufactured, distributed and sold when it contained animal cartilage and/or other impurities that were injurious to the human body;

(b)     said Heparin product was manufactured, distributed and sold without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(c)     said Heparin product was otherwise defective by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

21.     That as a direct and proximate result of one or more of the foregoing unreasonably dangerous conditions of the subject Heparin product, Plaintiff's decedent, THOMAS TROY LAWSON, suffered fatal injuries on February 13, 2008.

22.     At the time of his death, Plaintiff's decedent, THOMAS TROY LAWSON, left surviving a spouse and next of kin for whose benefit this action is brought.

23.     By reason of the premises, said spouse and next of kin, and each of them, have sustained substantial personal and pecuniary damages including but not limited to loss of society and companionship, loss of goods and services, and loss of support.

24.     Plaintiff, ANGELA LAWSON GREEAR, is the duly appointed Special Administrator of the estate of THOMAS TROY LAWSON, deceased pursuant to order of the Circuit Court of Cook County, Illinois.

25.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiff, ANGELA LAWSON GREEAR, as Special Administrator of the estate of THOMAS TROY LAWSON, deceased, prays for judgment in her favor and against Defendants, BAXTER INTERNATIONAL, INC., a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation, and each of them, in a sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County, State of Illinois, together with the costs of this action.

## COUNT II
### Negligence – Baxter and Baxter Healthcare

26.     Plaintiff repeats and incorporated by reference paragraphs 1 through 18 of this complaint as if fully set forth herein.

6

27.     That it then and there became and was the duty of Defendants, BAXTER

INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, and each of them,

to exercise ordinary care in their conduct so as not to cause injury to the person of the Plaintiff's

decedent, THOMAS TROY LAWSON, and others.

28.     Notwithstanding, the Defendants, BAXTER INTERNATIONAL, INC. and

BAXTER HEALTHCARE CORPORATION, and each of them, breached their respective duty

of care to the Plaintiff's decedent, through acts or omissions including but not limited to one or

more of the following:

(a)     negligently and carelessly procured bio-medical products from
        suppliers in China for use in pharmaceutical drugs in the United
        States, when the facilities and operations of those suppliers had
        never been properly or adequately inspected by or on behalf of
        Defendants, BAXTER INTERNATIONAL, INC. and/or BAXTER
        HEALTHCARE CORPORATION;

(b)     negligently and carelessly failed to properly and adequately inspect
        and test the said Heparin product for unsafe and dangerous
        impurities contained therein;

(c)     negligently and carelessly failed to employ proper and adequate
        quality control procedures to ensure that its Heparin product was
        safe and free from dangerous impurities;

(d)     negligently and carelessly failed to properly supervise, monitor
        and/or oversee the acts and omissions of its Global Manufacturing
        Operations and Supply Chain Operations;

(e)     negligently and carelessly failed to timely recall the said Heparin
        product or otherwise remedy the danger the product posed to
        consumers once the defendants, and each of them, became aware
        that a potential danger to consumers existed;

(f)     negligently and carelessly manufactured, sold and distributed said
        Heparin product containing animal cartilage and/or other
        impurities that were injurious to the human body;

7

(g)    negligently and carelessly manufactured, sold and distributed said product without proper and adequate warnings and/or instructions to assist consumers and health care providers in identifying adverse reactions arising from the condition of the product; and/or

(h)    otherwise negligently and carelessly manufactured, sold and distributed said product when it was in an unsafe and dangerous condition by way of its manufacture, distribution, sale, warnings and/or instructions in particulars to be determined through discovery in this action.

29.    That as a direct and proximate result of one or more of the breaches of duty by Defendants, BAXTER INTERNATIONAL, INC., and BAXTER HEALTHCARE CORPORATION, and each of them, Plaintiff's decedent, THOMAS TROY LAWSON, suffered fatal injuries on February 13, 2008.

30.    At the time of his death, Plaintiff's decedent, THOMAS TROY LAWSON, left surviving a spouse and next of kin for whose benefit this action is brought.

31.    By reason of the premises, said spouse and next of kin, and each of them, have sustained substantial personal and pecuniary damages including but not limited to loss of society and companionship, loss of goods and services, and loss of support.

32.    The Plaintiff, ANGELA LAWSON GREEAR, is the duly appointed Special Administrator of the estate of THOMAS TROY LAWSON, deceased pursuant to order of the Circuit Court of Cook County, Illinois.

33.    This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

8

WHEREFORE, Plaintiff, ANGELA LAWSON GREEAR, as Special Administrator of the estate of THOMAS TROY LAWSON, deceased, prays for judgment in her favor and against Defendants, BAXTER INTERNATIONAL, INC., a corporation, and BAXTER HEALTHCARE CORPORATION, a corporation, and each of them, in a sum in excess of the minimum jurisdictional limits of the Law Division of the Circuit Court of Cook County, State of Illinois, together with the costs of this action.

Respectfully Submitted,

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Jennifer L. Parker, Esq.
NOLAN LAW GROUP
20 North Clark Street, 30th Floor
Chicago, Illinois 60602-4109
Tel (312) 630-4000

9

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ANGELA LAWSON GREEAR, etc.

v.

BAXTER INTERNATIONAL, INC., et al.

}

No.

(FILE STAMP)

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the
complaint in all civil actions. The information contained herein is
for administrative purposes only and cannot be introduced into
evidence. Please check the box in front of the appropriate case type
which best characterizes your action. ONLY ONE (1) CASE TYPE
MAY BE CHECKED WITH THIS COVER SHEET.

Jury Demand  ☑ Yes  ☐ No

## PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027  Motor Vehicle
- ☐ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☑ 049  Product Liability
- ☐ 051  Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
  *(Please Specify Below**)*
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

## TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007  Confession of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

## COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
  (other than legal or medical)
- ☐ 071  Fraud
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
  *(Please Specify Below**)*
- ☐ 075  Other Commercial Litigation
  *(Please Specify Below**)*
- ☐ 076  Retaliatory Discharge

## OTHER ACTIONS
CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

By: _____
(Attorney)                    (Pro Se)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(#36211) DJN/lam

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| V. | ) ) | No.: |
| BAXTER INTERNATIONAL, INC., a corporation, BAXTER HEALTHCARE CORPORATION, a corporation, | ) ) ) ) ) | |
| Defendant. | ) | |

2008L004818
CALENDAR/ROOM 4
TIME 00:00
Product Liability

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

      The undersigned being duly sworn on oath hereby certifies pursuant to Supreme

Court Rule 222 that:

    1.    I, Donald J. Nolan, Esq. represent the plaintiff in the above-entitled action.

    2.    I am filing an action for wrongful death with the belief that the total money

damages of this claim as it presently stands will exceed the sum of $50,000.00.

                  Further Affiant Sayeth Not

Donald J. Nolan

Subscribed and Sworn to me this
_____ day of _____, 2008
_____
Notary Public

> OFFICIAL SEAL
> ANDRA L ADDIS
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:07/25/10

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

1910 - No Fee Paid
1919 - Fee Paid

CCG-67 (2-18)

(#36211)DJN/lam

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ANGELA LAWSON GREEAR, as Special )
Administrator of the Estate of )
THOMAS TROY LAWSON, deceased )
)
Plaintiffs, )
)
V. )    No.:    2008L00481
)    CALENDAR/ROOM  A
)    TIME 00:00
BAXTER INTERNATIONAL, INC., )    Product Liability
a corporation, BAXTER HEALTHCARE )
CORPORATION, a corporation, )
)
Defendant. )

# JURY DEMAND

The undersigned demands a jury trial.

One of the Attorneys for Plaintiff

**Attorney Code: 36211**
*NOLAN LAW GROUP*
**20 North Clark Street, 30th Floor**
**Chicago, Illinois  60602**
**(312) 630-4000**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**



(Atty. Code #36211) 08014/JLP

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased, )<br><br>Plaintiff, )<br><br>-vs- )<br><br>BAXTER INTERNATIONAL, INC., a corporation, ) and BAXTER HEALTHCARE CORPORATION, ) a corporation, )<br><br>Defendants. ) | Case No. 08L 4818 |

### ORDER

This matter coming to be heard on the Petition of ANGELA LAWSON GREEAR for her appointment to serve as Special Administrator of the Estate of THOMAS TROY LAWSON, Deceased, pursuant to 740 ILCS 180/2.1, due notice having been given and the Court being fully advised in the premises and having jurisdiction herein;

**IT IS HEREBY ORDERED** that ANGELA LAWSON GREEAR and hereby is appointed Special Administrator of the Estate of THOMAS TROY LAWSON, Deceased, for the purpose of prosecuting a cause of action.

**ENTERED**
JUDGE SHARON JOHNSON COLEMAN · 1694

MAY 0 2 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**Name:** Jennifer Parker
**Firm:** NOLAN LAW GROUP
**Atty. for:** Plaintiff
**Address:** 20 N. Clark St., 30th Floor
**City/State/Zip:** Chicago, Illinois 60602
**Telephone:** 312/630-4000

ENTERED:

_____     _____
Judge                                        Judge's No.

\* \* \* \* \* \* N O T I C E \* \* \* \* \* \*

CASE 08-L-004818

GREEAR ANGELA LAWSON    V.    BAXTER INTERNATIONAL INC

THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON WEDNESDAY
THE 27TH DAY OF AUGUST IN ROOM 2202 AT  9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL

\* \* \* \* \* \*  ATTENTION  \* \* \* \* \* \*

ALL ATTORNEYS OF RECORD MUST APPEAR

# EXHIBIT B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ANGELA LAWSON GREEAR, as Special Administrator of the Estate of THOMAS TROY LAWSON, deceased,<br><br>            Plaintiff,<br><br>    v.<br><br>BAXTER INTERNATIONAL INC., a corporation and BAXTER HEALTHCARE CORPORATION, a corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.  2008 L 004818<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF FILING OF NOTICE OF REMOVAL TO DISTRICT COURT

Defendants Baxter Healthcare Corporation ("BHC") and Baxter International Inc. ("BII") hereby give notice to the Circuit Court of Cook County, Illinois and to Donald J. Nolan, as attorney for plaintiff, that BHC and BII filed a Notice of Removal with the United States District Court for the Northern District of Illinois, and that this case has been removed to that court. A true and correct copy of the Notice of Removal is attached as Exhibit 1.

Dated this 21st day of July 2008.

Respectfully submitted,

_K. O Smith_

Leslie M. Smith, P.C.
Renee D. Smith
Stephanie A. Brennan
Kirkland & Ellis LLP (No. 90443)
200 East Randolph Drive
Chicago, Illinois 60601
telephone:  (312) 861-2000
facsimile:   (312) 861-2200

## CERTIFICATE OF SERVICE

I, Renee D. Smith, certify that on July 21, 2008, I caused copies of the above

titled document to be served on plaintiff's counsel by hand delivery and U.S. mail, postage

prepaid:

Donald J. Nolan, Esq.
Paul R. Borth, Esq.
Jennifer L. Parker, Esq.
Nolan Law Group
20 North Clark Street, 30th Floor
Chicago, IL 60602-4109